RANDY S. GROSSMAN
Acting United States Attorney
KYLE B. MARTIN
Assistant United States Attorney
California Bar No. 267013
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 546-7726
Email: kyle.martin@usdoj.gov

Attorneys for United States of America



FILED

NOV 1 0 2021

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

　　　　　Plaintiff,

　　v.

ANGEL DOMINGUEZ RAMIREZ, JR.
(1),
　aka "Emiliano,"
　aka "Marcelo,"

　　　　Defendant.

Case No. 16CR1996-01-WQH

PLEA AGREEMENT

IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF AMERICA, through its counsel, Randy S. Grossman, Acting United States Attorney, and Kyle B. Martin, Assistant United States Attorney, and Defendant Angel Dominguez Ramirez, Jr. aka "Emiliano," aka "Marcelo," with the advice and consent of Nancee S. Schwartz, counsel for Defendant, as follows:

**I**

### THE PLEA

Defendant agrees to plead guilty to Counts 1 and 6 of the Fourth Superseding Indictment charging Defendant with:

#### Count 1

*knowingly and intentionally conspiring with others to distribute and cause the distribution of 5*

Plea Agreement

Def. Initials _ADR_

*kilograms and more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, intending and knowing that such cocaine would be unlawfully imported into the United States; in violation of Title 21, United States Code, Sections 959 and 960.*

<u>Count 6</u>

*knowingly combining, conspiring, and agreeing with other persons to knowingly conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, Conspiracy to Possess With Intent to Distribute and to Distribute Controlled Substances in violation of Title 21, United States Code, Sections 841(a)(1) and 846, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and to transport, transmit, and transfer, a monetary instrument and funds involving the proceeds of specified unlawful activity, that is, Conspiracy to Possess with Intent to Distribute and to Distribute Controlled Substances in violation of Title 21, United States Code, Sections 841(a)(1) and 846, from a place in the United States to and through a place outside the United States, knowing that the funds involved in the transportation, transmission, and transfer represented the proceeds of some form of unlawful activity and knowing that such transportation, transmission, and transfer was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i); all in violation of Title 18, United States Code, Section 1956(h).*

The Government agrees to (1) move to dismiss the remaining charges without prejudice when Defendant is sentenced, and (2) not prosecute Defendant thereafter on such dismissed charges unless Defendant

Plea Agreement

2

Def. Initials *AOR*

16CR1996-01-WQH

breaches the plea agreement or the guilty plea entered pursuant to this plea agreement is set aside for any reason. If Defendant breaches this agreement or the guilty plea is set aside, section XII below shall apply.

Defendant agrees that, following entry of Defendant's guilty plea, the Government need not hold or preserve any evidence seized in connection with this case. For any controlled substance seized in connection with this case, Defendant agrees that, following entry of Defendant's guilty plea, the Government may destroy the controlled substance 30 days after the Government has provided Defendant with the laboratory analysis report. If Defendant believes that additional testing is needed, Defendant will arrange for and complete such testing within that 30-day period, unless that period is extended by joint written agreement or Court order, in which case the Government shall preserve the controlled substance for the agreed-upon or judicially mandated period. If the court has issued a preservation order in connection with any seized evidence, Defendant will request that the Court lift or revoke the preservation order following entry of Defendant's guilty plea.

Defendant acknowledges that venue under Title 21, United States Code, Sections 959 and 960 lies in the district "at the point of entry where such person enters the United States." Defendant, for purposes of this agreement, agrees to waive any challenge to venue.

//
//
//
//

Plea Agreement

3

Def. Initials _ADR_

16CR1996-01-WQH

## II

### NATURE OF THE OFFENSE

A.  ELEMENTS EXPLAINED

The offenses to which Defendant is pleading guilty have the following elements:

#### Count 1

(1) *There was an agreement between two or more persons to distribute a controlled substance outside the United States knowing and intending that the controlled substance would be imported into the United States;*

(2) *Defendant knew that the agreement had an unlawful object or purpose; and*

(3) *Defendant joined the agreement with the intent to further its unlawful object or purpose.*

#### Count 6

(1) *There was an agreement between two or more persons to commit money laundering;*

(2) *Defendant knew that the agreement had an unlawful object or purpose; and*

(3) *Defendant joined the agreement with the intent to further its unlawful object or purpose.*

B.  ELEMENTS UNDERSTOOD AND ADMITTED – FACTUAL BASIS

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each element of the crime and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

(1) *From January, 2016, up to and including September, 2016, Defendant participated in a drug trafficking venture wherein he and others coordinated the transportation of more than 450 kilograms of cocaine from South America to Mexico, and ultimately the United States.*

(2) *Defendant admits that as a leader of the organization, he coordinated multi-hundred kilogram quantities of cocaine from South America, and from there to the United States.*

    (3)   *Defendant admits that he also coordinated the movement of drug proceeds from the United States to himself and his associates in Mexico and elsewhere. He admits that he did do so knowing that the money was drug proceeds. He further admits that that agreed to conduct transactions that were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of these drug trafficking proceeds.*

    (4)   *Defendant admits that he conspired to distribute over 450 kilograms of cocaine, and that such amount is attributable to him for sentencing purposes.*

    (5)   *Defendant intended and had reasonable cause to believe that five kilograms or more of the cocaine shipment would be unlawfully transported into the United States.*

    (6)   *Cocaine is a Schedule II controlled substance.*

### III

### PENALTIES

The crime to which Defendant is pleading guilty carries the following penalties:

### Count 1

A.    a minimum of 10 years and maximum of life in prison;

B.    a maximum $10 million fine;

C.    a mandatory special assessment of $100 per count; and

D.    a term of supervised release of at least 5 years. Failure to comply with any condition of supervised release may result in revocation of supervised release, requiring Defendant to serve in prison, upon revocation, all or part of the statutory maximum term of supervised release.

//
//
//
//

Plea Agreement

5

Def. Initials *ADR*

16CR1996-01-WQH

Count 6

A.  a maximum 20 years in prison;

B.  a maximum $500,000 fine or twice the value of the monetary instrument or funds involved;

C.  a mandatory special assessment of $100 per count; and

D.  a term of supervised release of up to 5 years. Failure to comply with any condition of supervised release may result in revocation of supervised release, requiring Defendant to serve in prison, upon revocation, all or part of the statutory maximum term of supervised release.

## IV
### DEFENDANT'S WAIVER OF TRIAL RIGHTS AND UNDERSTANDING OF CONSEQUENCES

This guilty plea waives Defendant's right at trial to:

A.  Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B.  A speedy and public trial by jury;

C.  The assistance of counsel at all stages;

D.  Confront and cross-examine adverse witnesses;

E.  Testify and present evidence and to have witnesses testify on behalf of Defendant; and,

F.  Not testify or have any adverse inferences drawn from the failure to testify.

//

//

//

//

//

Plea Agreement

6

Def. Initials AOR

16CR1996-01-WQH

V

## DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE
## PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION

Any information establishing the factual innocence of Defendant known to the undersigned prosecutor in this case has been turned over to Defendant. The Government will continue to provide such information establishing the factual innocence of Defendant.

If this case proceeded to trial, the Government would be required to provide impeachment information for its witnesses. In addition, if Defendant raised an affirmative defense, the Government would be required to provide information in its possession that supports such a defense. By pleading guilty Defendant will not be provided this information, if any, and Defendant waives any right to this information. Defendant will not attempt to withdraw the guilty plea or to file a collateral attack based on the existence of this information.

VI

## DEFENDANT'S REPRESENTATION THAT GUILTY
## PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A.  Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. By pleading guilty, Defendant may be giving up, and rendered ineligible to receive, valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. The conviction in this case may subject Defendant to various collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which can serve as grounds to withdraw Defendant's guilty plea.

//

//

B.     No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the Court.

C.     No one has threatened Defendant or Defendant's family to induce this guilty plea.

D.     Defendant is pleading guilty because Defendant is guilty and for no other reason.

## VII

### AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE
### SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California, and cannot bind any other authorities in any type of matter, although the Government will bring this plea agreement to the attention of other authorities if requested by Defendant.

## VIII

### APPLICABILITY OF SENTENCING GUIDELINES

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). In imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory. The Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. The sentence cannot be determined until a presentence report is prepared by the U.S. Probation Office and defense counsel and the Government have an opportunity to review and challenge the presentence report. Nothing in this plea agreement limits the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

Def. Initials _ADR_

16CR1996-01-WQH

**IX**

### SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The sentence is within the sole discretion of the sentencing judge who may impose the maximum sentence provided by statute. It is uncertain at this time what Defendant's sentence will be. The Government has not made and will not make any representation about what sentence Defendant will receive. Any estimate of the probable sentence by defense counsel is not a promise and is not binding on the Court. Any recommendation by the Government at sentencing also is not binding on the Court. If the sentencing judge does not follow any of the parties' sentencing recommendations, Defendant will not withdraw the plea.

**X**

### PARTIES' SENTENCING RECOMMENDATIONS

A.   SENTENCING GUIDELINE CALCULATIONS

Although the Guidelines are only advisory and just one factor the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments, and Departures:

| | | |
|---|---|---|
| 1. | Base Offense Level [§ 2D1.1(c)] | 38 |
| 2. | 18 U.S.C. § 1956 conviction [2S1.1(b)(2)] | +2 |
| 3. | Organizer/Leader [§ 3B1.1(a)] | +4 |
| 4. | Acceptance of Responsibility [§ 3E1.1] | -3 |
| 5. | Appellate Waiver/Expeditious Resolution | -2 |

B.   ACCEPTANCE OF RESPONSIBILITY

Despite paragraph A above, the Government need not recommend an adjustment for Acceptance of Responsibility if Defendant engages in

conduct inconsistent with acceptance of responsibility including, but not limited to, the following:

  1. Fails to truthfully admit a complete factual basis as stated in the plea at the time the plea is entered, or falsely denies, or makes a statement inconsistent with, the factual basis set forth in this agreement;

  2. Falsely denies prior criminal conduct or convictions;

  3. Is untruthful with the Government, the Court or probation officer; or

  4. Breaches this plea agreement in any way.

C.   FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS INCLUDING THOSE UNDER 18 U.S.C. § 3553

Defendant may request or recommend additional downward adjustments, departures, or variances from the Sentencing Guidelines under 18 U.S.C. § 3553.

D.   NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY

The parties have **no** agreement as to Defendant's Criminal History Category.

E.   "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

The facts in the "factual basis" paragraph of this agreement are true and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

//

//

Plea Agreement                              10                     Def. Initials _ADR_

16CR1996-01-WQH

1    F.   PARTIES' RECOMMENDATIONS REGARDING CUSTODY

2        The Government will recommend that Defendant be sentenced to the

3    low end of the advisory guideline range recommended by the Government

4    at sentencing. The Government also agrees to recommend that any

5    custodial sentence run concurrent to the time the defendant spent in

6    custody in the Republic of Mexico.

7    G.   SPECIAL ASSESSMENT/FINE

8        1.   Special Assessment

9        The parties will jointly recommend that Defendant pay a special

10   assessment in the amount of $100.00 to be paid forthwith at time of

11   sentencing. Special assessments shall be paid through the office of the

12   Clerk of the District Court by bank or cashier's check or money order

13   made payable to the "Clerk, United States District Court."

14       2.   Fine

15       There is no agreement between the parties as to the recommendation

16   of a fine.

17   H.   SUPERVISED RELEASE

18       If the Court imposes a term of supervised release, Defendant will

19   not seek to reduce or terminate early the term of supervised release

20   until Defendant has served at least 2/3 of the term of supervised

21   release and has fully paid and satisfied any special assessments, fine,

22   criminal forfeiture judgment, and restitution judgment.

23                                    XI

24            **DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK**

25       Defendant waives (gives up) all rights to appeal and to

26   collaterally attack every aspect of the conviction and sentence,

27   including any restitution order. The only exception is that Defendant

28   Plea Agreement                      11

Def. Initials _ADR_

16CR1996-01-WQH

may collaterally attack the conviction or sentence on the basis that Defendant received ineffective assistance of counsel. If Defendant appeals, the Government may support on appeal the sentence or restitution order actually imposed.

## XII

## BREACH OF THE PLEA AGREEMENT

Defendant and Defendant's attorney know the terms of this agreement and shall raise, before the sentencing hearing is complete, any claim that the Government has not complied with this agreement. Otherwise, such claims shall be deemed waived (that is, deliberately not raised despite awareness that the claim could be raised), cannot later be made to any court, and if later made to a court, shall constitute a breach of this agreement.

Defendant breaches this agreement if Defendant violates or fails to perform any obligation under this agreement. The following are non-exhaustive examples of acts constituting a breach:

1.   Failing to plead guilty pursuant to this agreement;

2.   Failing to fully accept responsibility as established in Section X, paragraph B, above;

3.   Failing to appear in court;

4.   Attempting to withdraw the plea;

5.   Failing to abide by any court order related to this case;

6.   Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence in violation of Section XI of this plea agreement; or

7.   Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

If Defendant breaches this plea agreement, Defendant will not be able to enforce any provisions, and the Government will be relieved of all its obligations under this plea agreement. For example, the Government may proceed to sentencing but recommend a different sentence than what it agreed to recommend above. Or the Government may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement (Defendant agrees that any statute of limitations relating to such charges is tolled indefinitely as of the date all parties have signed this agreement; Defendant also waives any double jeopardy defense to such charges). In addition, the Government may move to set aside Defendant's guilty plea. Defendant may not withdraw the guilty plea based on the Government's pursuit of remedies for Defendant's breach.

Additionally, if Defendant breaches this plea agreement: (i) any statements made by Defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the factual basis statement in Section II.B in this agreement; and (iii) any evidence derived from such statements, are admissible against Defendant in any prosecution of, or any action against, Defendant. This includes the prosecution of the charge(s) that is the subject of this plea agreement or any charge(s) that the prosecution agreed to dismiss or not file as part of this agreement, but later pursues because of a breach by the Defendant. Additionally, Defendant knowingly, voluntarily, and intelligently waives any argument that the statements and any evidence derived from the statements should be suppressed, cannot be used by the Government, or are inadmissible under the United States Constitution, any statute, Rule 410 of the Federal Rules of

1  Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and
2  any other federal rule.

### XIII

### CONTENTS AND MODIFICATION OF AGREEMENT

5      This plea agreement embodies the entire agreement between the
6  parties and supersedes any other agreement, written or oral. No
7  modification of this plea agreement shall be effective unless in writing
8  signed by all parties.

### XIV

### DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

11      By signing this agreement, Defendant certifies that Defendant has
12  read it (or that it has been read to Defendant in Defendant's native
13  language). Defendant has discussed the terms of this agreement with
14  defense counsel and fully understands its meaning and effect.

15  //
16  //
17  //
18  //
19  //
20  //
21  //
22  //
23  //
24  //
25  //
26  //
27  //
28  Plea Agreement                          14

Def. Initials _ADR_

16CR1996-01-WQH

XV

## DEFENDANT SATISFIED WITH COUNSEL

Defendant has consulted with counsel and is satisfied with counsel's representation. This is Defendant's independent opinion, and Defendant's counsel did not advise Defendant about what to say in this regard.

RANDY S. GROSSMAN
Acting United States Attorney

DATED  11/9/21

KYLE B. MARTIN
Assistant U.S. Attorney

DATED  11/9/21

NANCEE S. SCHWARTZ
Counsel for Defendant

**IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" SECTION ABOVE ARE TRUE.**

DATED  11-9-21

ANGEL DOMINGUEZ RAMIREZ, JR.
Defendant

Approved By:

JOSEPH SMITH
Assistant U.S. Attorney

Plea Agreement                    15

Def. Initials ADR

16CR1996-01-WQH